Daniel, J.
Bates assigned by deed the two barrels of brandy, now in controversy, to the defendant. The vendor is never permitted, after he has sold property, to be heard to say, that he never had any title to that property, nor are any declarations of-his, made after the sale, whether in the presence of the vendee or not, admissible in evidence to defeat or impair the sale. The Judge did not err, in refusing to receive the evidence offered, of the declarations of Bates, made in the presence of the defendant.
Secondly,' the plaintiff insisted, that the Court should charge the jury, that the evidence given by the two witnesses Patton andByers did not, of itself, establish a contract of sale of the brandy. The Court refused ; but charged the jury, that, if they believed, from all the evidence submitted to them, that there was a sale and delivery of the brandy, then the property vested in Bates. We do not see any error in the Court’s refusing to charge on garbled parts pf the evidence ; as the plaintiff did not pretend to allege, that the residue of the evidence offered by the defendant, to-wit; the order drawn by the plaintiff on Bates, in favor of Gilreath, was a forgery. That order was an admission, in writing, by the plaintiff, of a sale of brandy by him to Bates. It is possible that the order may have been drawn for the price of another lot of brandy. But there is nothing in the case to shew, that the plaintiff ever had any dealings in brandy with Bates, except the single lot carried by Byers. If the plaintiff had insisted, that the order had not been proved to be his, or that it was a forgery, then there would huve been some propriety *447 in his prayer to the Judge to. charge as he requested. We think the judgment must be affirmed.
Per Curiam. 'Judgment affirmed.